IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-568-03






TUAN ANH DANG, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Meyers, J., filed a concurring opinion in which Holcomb and Cochran,
JJ., join.


CONCURRING OPINION 



 I join the majority opinion. We were asked to determine whether the trial court
abused its discretion in limiting the time for argument. While I fully agree with the
majority's analysis and conclusion, I write separately to note the dissenting opinion by
Justice Hudson of the court of appeals, which elaborates on the Sixth Amendment
violation resulting from this abuse of discretion. Justice Hudson equates the judicially
imposed time limitation on argument to a complete abrogation of the Sixth Amendment.

 Everyone concedes that the accused must be permitted a full hearing where, if he
chooses, he may present all relevant evidence in his defense. In this endeavor he is
entitled to the assistance of counsel. Moreover, the right to be represented by
counsel includes the right to fully argue the merits of his defense. How a lawyer
chooses to argue may vary. 

 ***
If, due to time limitations, counsel is constrained to leave off some point of fact,
some logical syllogism, some emotional plea--has the defendant been afforded a
full or partial hearing? If counsel must hurry his remarks and speak in an unnatural
manner to meet the time restrictions, has not the judge dictated both the content of
the argument and the manner of its delivery? In other words, has not the court
infringed upon the defendant's right to be fully represented by counsel? The right
to counsel was "secured to the people of England, from whence we [borrowed it],
by long and persistent efforts." Dille v. State, 34 Ohio St. 617, 619 (Ohio 1878).
By what authority do courts infringe upon it today? The fact that we came into
possession of this liberty as a conceded right, ought not to cause us to underrate or
forget its importance. Id. While the people have it within their authority to repeal
the Sixth Amendment, the judiciary (even by incremental progression) do not.


Dang v. State, 99 S.W.3d 172 (Tex. App.-Houston [14th Dist.] 2002) (Hudson, J.,
dissenting) (footnotes omitted). 

 The factors enumerated by the majority provide a useful guideline for determining
whether the trial court abused its discretion in limiting the time for argument and I agree
that this was the proper method for deciding this case. However, I also agree with Justice
Hudson that the limitations placed on counsel in this case effectively deprived Appellant
of the full representation of counsel and thus infringed on his rights under the Sixth
Amendment. 

 In concluding that the limitations placed upon counsel in this case infringed upon
Appellant's Sixth Amendment right, Justice Hudson properly referred to the Supreme
Court decision in Herring v. New York, 422 U.S. 853 (1975). In that case, the Supreme
Court held that a New York statute which gave the trial court discretion to bar closing
arguments in a bench trial violated a defendant's Sixth Amendment right to assistance of
counsel. Id. at 865. While noting that the trial judge "may limit counsel to a reasonable
time and may terminate argument when continuation would be repetitive or redundant ...
[and he] may ensure that argument does not stray unduly from the mark, or otherwise
impede the fair and orderly conduct of the trial[,]" id. at 862, the Supreme Court
concluded that:

 It can hardly be questioned that closing argument serves to sharpen and
clarify the issues for resolution by the trier of fact in a criminal case. For it
is only after all the evidence is in that counsel for the parties are in a
position to present their respective versions of the case as a whole. Only
then can they argue the inferences to be drawn from all the testimony, and
point out the weaknesses of their adversaries' positions. And for the
defense, closing argument is the last clear chance to persuade the trier of
fact that there may be reasonable doubt of the defendant's guilt. The very
premise of our adversary system of criminal justice is that partisan advocacy
on both sides of a case will best promote the ultimate objective that the
guilty be convicted and the innocent go free. In a criminal trial, which is in
the end basically a factfinding process, no aspect of such advocacy could be
more important than the opportunity finally to marshal the evidence for
each side before submission of the case to judgment.


Id. at 862. With these comments, I join the majority opinion.

 Meyers, J.

Filed: January 26, 2005

Publish